# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CRIMINAL NO. 07-30178-WDS |
| | ) |
| GLORIA STEVENSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on defendant's pro se motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 460). The defendant seeks review of her sentence, and the retroactive application of amendment 706 of the Guidelines to her sentence.

**Defendant's motion under § 3582(c).**

Under § 3582 a court may reduce a defendant's term of imprisonment if there has been a subsequent amendment to the guideline range that applies retroactively. This statute does not, however, allow a defendant to file a motion based on new case law or rulings. In fact, this Court's review under § 3582 is limited to the effect of the post-sentencing amendment on the guideline range. *See, eg. United States v. Smith,* 438 F.3d 796, 799 (7th Cir. 2006); *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000); *United States v. Jordan*, 162 F.3d 1, 5 (1st Cir. 1998); *United States v. Tidwell*, 178 F.3d 9436, 949 (7th Cir. 1999) (a §3582(c) proceeding is not a "do-over of an original sentencing proceeding"). The Seventh Circuit has held that "[b]ecause § 3582 limits the substantive authority of the district court, it is a real 'jurisdictional' rule rather than a case-processing requirement." *Smith,* 438 F.3d at 799.

A district court must be authorized by statute or rule to reduce a sentence that has become

final. See 18 U.S.C. § 3582(c); *Romandine v. United States*, 206 F.3d 731, 734-35 (7th Cir. 2000); *United States v. Bedonie*, 413 F.3d 1126, 1129 (10th Cir. 2005); *United States v. Barragan- Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999); *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). Section 3582(c)(2) is one source of authority, but it applies only if "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In this case, the defendant seeks a reduction in sentence to which she is not entitled. She was sentenced on October 24, 2008, well after the Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) and *Kimbrough v. United States,* 128 S.Ct. 558 (2007). The Court sentenced the defendant under the advisory guidelines standard, not under the pre-*Booker* mandatory standards, and she was given the appropriate sentence for crack cocaine convictions under those advisory provisions.[1] Therefore, there is no relief available to the defendant under §3582. Accordingly, the Court **DENIES** defendant's motion on all grounds raised.

**IT IS SO ORDERED.**

**DATE: April 8, 2009.**

                                          **s/ WILLIAM D. STIEHL**
                                                  **DISTRICT JUDGE**

---

[1] Effective November 1, 2007, Amendment 706 reduced the base offense level to applicable offenses by two levels, and on March 3, 2008, Section 1B1.10(c) of the Guidelines made that amendment retroactive.