IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-CR-30178-WDS |
| | ) |
| GLORIA STEVENSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court are defendant's motions for retroactive application of the Advisory Sentencing Guidelines pursuant to the 2011 amendments (Doc. 762 & 770) and motion for hearing (Doc. 771). The Court appointed Assistant Federal Public Defender Daniel Cronin to represent the defendant. He now seeks to withdraw because the defendant is not eligible for the relief she because the amount of crack cocaine involved in the relevant conduct would not result in a base offense level lower than that which she is currently serving (Doc. 773). Although the defendant's counsel agrees with the probation's calculations, he nonetheless recommends that the Court consider a sentence reduction because the defendant is a model prisoner, with numerous certificates, has participated in GED studies and worked for the Susan G. Komen Foundation. She has a projected release date of February of 2015.

The defendant was sentenced, after a plea of guilty, to a total of 96 months imprisonment and three years of supervised release on Count 1 of the Fourth Superseding Indictment. The total amount of controlled substance was determined to be the marijuana equivalent of approximately 6,031.1 kilograms. This resulted in an offense level of 29 with a criminal history category of I. This led to a sentencing range of 87-108 months.

Section 3582(c)(2) creates "an exception to the general rule of finality in the case of a

defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" and made retroactive by the Sentencing Commission. *Dillion v. United States*, 130 S. Ct. 2683, 2690 (2010) (internal quotation marks omitted) (quoting 18 U.S.C. § 3582(c)(2)). "Section 3582(c)(2) allows a district court to reduce a sentence if two conditions are met: (1) the original sentence was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission [,]" namely § 1B1.10(a).'" *United States v. Davis*, 682 F.3d 596, 610 (7th Cir. 2012), *citing* 18 U.S.C. § 3582(c)(2); *United States v. Guyton*, 636 F.3d 316, 318 (7th Cir.2011); USSG § 1B1.10(a)(2), p.s. (Nov.2011). Further, "[i]f the 'first condition is not met, a district court lacks subject-matter jurisdiction to consider the movant's request for a sentence reduction under § 3582(c)(2).'" *Davis*, 682 F.3d at 610 (*quoting United States v. Forman*, 553 F.3d 585, 588 (7th Cir.2009); *United States v. Lawrence,* 535 F.3d 631, 637 (7th Cir. 2008). With respect to the Second condition, "a sentence reduction pursuant to Amendment 706 is not consistent with the Sentencing Commission's applicable policy statements if Amendment 706 'does not have the effect of lowering the defendant's applicable guideline range.'" *Davis,* 682 F.3d at 610. USSG § 1B1.10(a)(2)(B), p.s. (Nov.2011) (emphasis added).

Application Note 1(A) of U.S.S.G. § 1B1.10 provides that a reduction is inconsistent with that policy statement if "the amendment does not have the effect of lowering the applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." *See United States v. Robinson*, 2012 WL 3990741 *2 (7th Cir. Sept. 7, 2012) (*citing United States v. Forman*, 553 F.3d 585, 588 (7th Cir.2009); *United States v. Poole*, 550 F.3d 676, 679 (7th Cir.2008); *United States v. Osborn*, 679 F.3d 1193, 1195 n. 1 (10th Cir.2012)). The defendant's guidelines levels do not change as a result of any of the

amendments to the Advisory Guidelines Range. Therefore, she is not eligible for the sentence reduction she seeks pursuant to the amendments to the Sentencing Guidelines.

Notably, at the time of sentencing, the Court took sentenced the defendant to the middle of the guidelines range, taking into consideration her culpability, including that the Stevenson drug distribution network used her home, with her consent, as a point of distribution. The Court has reviewed the record in this case and **FINDS** that the prior sentence properly reflects her activity, relevant conduct and the need to deter criminal conduct.

Although the Court is encouraged by her efforts while incarcerated, upon review of the record, the Court **FINDS** that the defendant is not entitled to the relief she seeks under any of the amendments to the Sentencing Guideline and her motions for retroactive application of the Advisory Sentencing Guidelines (Doc. 762 and 770) are, accordingly, **DENIED**. Defendant's motion for a hearing (Doc. 771) is **DENIED** as moot.

Counsel's motion to withdraw (Doc.773) is **GRANTED**.

**IT IS SO ORDERED.**

**DATE:   5 November, 2012**

s/ WILLIAM D. STIEHL<br>**DISTRICT JUDGE**